**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | | |
|---|---|---|
| RIMROCK CAPITAL MANAGEMENT, LLC, | ) ) ) ) | SA CV 08-634 AHS (MLGx) |
| Plaintiff, | ) ) | ORDER TO DEFENDANT TO SHOW CAUSE WHY COURT |
| v. | ) ) | SHOULD NOT REMAND THE MATTER TO STATE COURT |
| MICHAEL LANDRIGAN, et al., | ) ) | RETURNABLE JULY 2, 2008 |
| Defendants. | ) ) | |

**I.**

**<u>PROCEDURAL AND FACTUAL HISTORY</u>**

On May 9, 2008, plaintiff filed a Complaint for declaratory relief in Orange County Superior Court, Case No. 00106536.  On June 9, 2008, defendant, Michael Landrigan, removed the action to this Court.  Plaintiff seeks a declaratory judgment that it is the rightful owner and has the exclusive right to use a methodology and approach for hedging collateralized mortgage obligations, including mathematical algorithms, and accompanying software (the "Rimrock IP").

## II.

## **DISCRETIONARY JURISDICTION**

The Court orders defendant to show cause why the Court should not decline to exercise jurisdiction in a case in which plaintiff seeks declaratory relief. It is well established that the Court has discretion in deciding whether to entertain declaratory relief. 28 U.S.C. § 2201(a); Wilton v. Seven Falls Co., 515 U.S. 277, 115 S. Ct. 2137, 2140, 132 L. Ed. 2d 214 (1995); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175, 86 L. Ed. 1620 (1942). "Brillhart makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction." Wilton, 515 U.S. at 282. A district court may exercise this discretion even when no parties to the action have raised an objection to the exercise of jurisdiction. See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1227 (9th Cir. 1998) (en banc).

In considering whether to exercise jurisdiction, the Court will "balance concerns of judicial administration, comity, and fairness to litigants." Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991). The Court will consider, among other factors, whether the declaratory action will settle all aspects of the controversy, whether the declaratory action will serve a useful purpose in clarifying the legal relations in issue, whether the declaratory action is being sought to obtain a "res judicata" advantage, whether the declaratory action promotes

forum shopping, and whether the use of a declaratory action will result in duplicative litigation. Wilton, 515 U.S. at 282-83; Dizol, 133 F.3d at 1225. In addition, the Court considers whether a request for monetary relief is independent of the request for declaratory relief. See United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1112-14 (9th Cir. 2001).

### III.

### CONCLUSION

Accordingly, defendant is ordered to show cause in writing, no later than July 2, 2008, why the Court should not decline to exercise jurisdiction and remand the matter to state court. Plaintiff may respond to defendant's submission by filing a written response no later than July 9, 2008. No oral argument on this matter will be heard unless otherwise ordered by the Court.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties.

Dated: June 13, 2008.

*ALICEMARIE H. STOTLER*
_____
ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE